***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 8, 2023, affirmed August 9, petition for review denied December 21, 2023  (371 Or 771)

In the Matter of S. R. B.,
fka S. A. O.-B., fka S. A. O.-B., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. J. B.
and A. K. B.,
*Appellants.*

Lane County Circuit Court
21JU03351; A180233 (Control)

In the Matter of R. M. B.,
fka M. D. E.-B., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. J. B.
and A. K. B.,
*Appellants.*

Lane County Circuit Court
21JU03352; A180234

In the Matter of M. A. B.,
fka A. B. E., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. J. B.
and A. K. B.,
*Appellants.*

Lane County Circuit Court
21JU03353; A180235

Bradley A. Cascagnette, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant A. K. B.

Kristen G. Williams filed the brief for appellant R. J. B.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

In these consolidated juvenile dependency cases, father and mother appeal the juvenile court judgments changing their three children's permanency plans from reunification to adoption. Father and mother each assign error to the juvenile court's rulings determining that the Department of Human Services (DHS) made reasonable efforts to reunify the family and to the respective rulings that each parent made insufficient progress toward reunification. *See* ORS 419B.476(2)(a) (to change a plan of reunification, the juvenile court must determine that DHS has made reasonable efforts and that the parent has not made sufficient progress to make it possible for the ward to safely return home). We affirm.

We "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the juvenile court's change to the permanency plan." *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 297, 388 P3d 1204 (2017) (internal quotation marks omitted). We conclude that the record is legally sufficient to permit the juvenile court to determine that DHS made reasonable efforts to reunify the family and to determine that each parent made insufficient progress in ameliorating the jurisdictional basis, *viz.*, that the parent subjected the children to excessive physical discipline that caused emotional harm.

*Reasonable Efforts.* There is evidence in the record to support the juvenile court's finding that parents' abrupt and voluntary move out of state, shortly after DHS intervened, complicated the efforts to reunify the family and that parents' failure to fully disclose to treatment providers the nature and extent of the jurisdictional bases further hampered DHS's efforts. Despite those added layers of difficulty, DHS provided anger management counseling, psychological evaluations, parent training, mental health evaluations and treatment, individual counseling, and supervised visits with the children. The record supports a determination that, under the totality of the circumstances, DHS gave each parent "a reasonable opportunity to demonstrate their ability to

adjust their conduct and become a minimally adequate parent." *Dept. of Human Services v. R. C.*, 320 Or App 762, 769, 514 P3d 538, *rev den*, 370 Or 404 (2022) (internal quotation marks and brackets omitted).

*Insufficient Progress.* The record supports the juvenile court's determination that the circumstances and conditions that form the bases of jurisdiction have not been ameliorated because father and mother still lack insight into the traumatic impact of the excessive discipline they administered and supported. *See Dept. of Human Services v. G. N.*, 263 Or App 287, 297, 328 P3d 728, *rev den*, 356 Or 638 (2014) ("Even if a parent has completed all services that have been required, evidence that a parent continues to engage in behavior that is harmful to a child supports a determination that the parent has not made sufficient progress to make it possible for the child to return home.").

As to father, there is evidence in the record to support the juvenile court's findings that father did not participate in an evaluation by a DHS-approved evaluator, and that the evaluator father sought on his own noted that father's responses indicated that he is reluctant to admit limitations or distress, which often leads to unawareness or minimization of problems. Father's evaluator also stated that it was difficult to assess the full extent of father's situation and the impact of his behaviors due to conflicting information between DHS records and father's self-report. Further, father told providers that the children were removed because of "parenting differences" and because corporal punishment is frowned upon in Oregon.

As to mother, there is evidence in the record to support the juvenile court's findings that mother participated in a DHS-approved evaluation in which she expressed very little distress regarding the impact of her and father's parenting of the children and similarly responded in a manner indicating a reluctance to admit limitations or distress. Although mother testified to some of the tools that she learned to parent children with traumatic backgrounds, she never acknowledged to her therapist the excessive manner in which father disciplined the children despite acknowledging that his current practices are "way less severe."

Accordingly, the record was legally sufficient to permit the juvenile court's change to the permanency plan.

Affirmed.